Jerald MARTIN, Brooks Martin, Richard Mullin, Alexsandra Mullin, Joselito Montano, Elenita Montano, Rahul Vyas, and Sonali Vyas, Appellants

v.

ESTATES OF RUSSELL CREEK HOMEOWNERS ASSOCIATION, INC., Appellee.

No. 05–06–01493–CV.

Court of Appeals of Texas, Dallas.

April 9, 2008.

Daena Goldsmith Ramsey, Vaughn, Ramsey, Barbera & Walvoord, LLP, Plano, for appellants.

Karen L. Keltz, Esq., Riddle & Williams, Dallas, for appellee.

Before Justices RICHTER, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an appeal from the trial court's orders granting appellee's traditional and no-evidence motions for summary judgment and sustaining appellee's objections to appellants' summary-judgment evidence. We affirm.

### FACTUAL BACKGROUND

Appellants are residents of the Estates of Russell Creek and members of appellee, the Estates of Russell Creek Homeowners Association, Inc. (the HOA). The HOA is managed by a board of directors, which is composed of neighborhood residents who serve voluntarily and without compensation.

This dispute relates to a cellular-telephone tower built in the vicinity of the Estates of Russell Creek. Before it was built, the HOA board learned about the proposed tower and filed an objection to it with the City of Plano. The HOA board then negotiated with T–Mobile (now Sprint) concerning that tower and, after those negotiations, the tower was built near but outside the Estates of Russell Creek, "150 feet to the northwest" of the location originally proposed, and the color and type of tower were changed to a dark bronze flagpole-type tower.[1] Sprint also agreed to pay the HOA (1) an initial payment of $7,500, and (2) $400 per month for the duration of the twenty-year lease on the property.

Appellants sued the HOA and asserted claims for breach of fiduciary duty, violation of the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA), and fraud. Appellants complained that the HOA negotiated with Sprint without notifying or consulting the neighborhood homeowners, and that money received was not used to camouflage the tower.

After some discovery, the HOA moved for both no-evidence and traditional summary judgment against appellants on multiple grounds, including that appellants "have no evidence of any damages." Appellants opposed the HOA's motions and filed supporting evidence in response, including an affidavit by their designated damages expert, Max Williams, in which he stated that appellants "have suffered a five percent reduction in market value as a result of the placement of the cellular tower." In response, the HOA filed objections to appellants' summary-judgment evidence. The HOA objected to Williams's affidavit on the ground that "Williams was not timely designated as an expert witness in this case, and his testimony is, therefore, inadmissible." After the summary-judgment hearing, the trial court sustained the HOA's objections to appellants' summary-judgment evidence and granted the HOA's traditional and no-evidence motions for summary judgment, without specifying the basis for its ruling. This appeal followed.

### ISSUES ON APPEAL

Appellants raise the following as their six issues on appeal:

1. The [HOA] owed [appellants] a fiduciary duty in its negotiations with third parties on [appellants'] behalf and a fact issue exists as to the breach of that duty and the damages resulting therefrom, entitling [appellants] to a trial on the merits.

2. [Appellants] are "consumers" within the meaning of the [DTPA].

3. [Appellants] raised issues of fact in support of damages caused by the [HOA's] DTPA violations.

---

1. The record does not specify the color and type of tower originally proposed.

4. The [HOA's] failure to negate the elements of [appellants'] fraud claim based on non-disclosure resulted in error in the entry of the summary judgment by the trial court.

5. The trial court erred in striking [appellants'] expert witness on damages, who was designated for good cause after the deadline when [appellants'] timely designated expert withdrew and when the [HOA] obtained a deposition in advance of trial from the newly designated expert, negating the [HOA's] unsupported claims of surprise or prejudice.

6. The trial court erred in sustaining the [HOA's] objections to [appellants'] summary judgment evidence because the objections were not supported by the rules of evidence.

## No-Evidence Summary Judgment and Standard of Review

When a defendant files a motion for summary judgment asserting there is no evidence of one or more essential elements of a plaintiff's claims, the burden shifts to the plaintiff to present enough evidence to raise a genuine issue of material fact on the challenged elements. Tex.R. Civ. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 659 (Tex.App.-Dallas 2005, pet. denied). If the plaintiff does not raise a genuine issue of material fact, the trial judge must grant the motion. *Patino*, 158 S.W.3d at 659. If the trial court's order does not specify the grounds on which the summary judgment was granted, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex.2003).

When the motion for summary judgment presents both no-evidence and traditional grounds, appellate courts usually review the no-evidence grounds first. *See Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex.App.-Dallas 2007, pet. denied) ("When the motion for summary judgment presented both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the no-evidence standards of rule 166a(i).") (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004)). When reviewing a no-evidence summary judgment, we apply the same legal-sufficiency standard of review that is applied when reviewing a directed verdict. *Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 882 (Tex.App.-Dallas 2006, no pet.). Under that standard, we must determine whether the nonmovant produced more than a scintilla of evidence to raise a genuine issue of material fact concerning each of the elements for which the movant asserts there is no evidence. *Id.* A party submits less than a scintilla of evidence when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003). Additionally, we review a trial court's exclusion of summary judgment evidence under an abuse-of-discretion standard. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.-Dallas 2007, no pet.).

## Analysis

### The Trial Court's Ruling on Appellee's Objections to Appellants' Summary-Judgment Evidence

We address appellants' sixth issue first because that issue is essentially dispositive of this appeal. Appellants' sixth issue complains that the trial court erred when it sustained the HOA's objections to appellants' summary-judgment evidence.

Appellants contend that "the [HOA] made a number of objections to [appellants'] summary judgment evidence without citation to authority, which objections do not survive scrutiny under the rules of evidence." Appellants specifically argue that the trial court erred by sustaining the HOA's objection to Williams's affidavit because "[u]nder Texas Rule of Civil Procedure 193.6 there was good cause for the failure to designate Max Williams" before the expert-designation deadline expired—namely, their prior damages expert unexpectedly withdrew after the expert-designation deadline expired. Appellants also argue that the HOA was not surprised or prejudiced by Williams's designation because the HOA took Williams's deposition after he was designated. In response, the HOA argues that appellants have not preserved this issue for appellate review because they did not do any of the following: (1) respond to the HOA's objections, (2) object to the hearing on the objections, (3) request a continuance of the hearing, (4) "file a post-judgment motion for leave to supplement their summary judgment evidence," (5) file a motion for new trial or motion to reconsider, or (6) seek a hearing on the objections they filed to the trial court's ruling sustaining the HOA's objections to appellants' summary-judgment evidence.

The procedural facts are undisputed. Appellants designated Williams as an expert witness four weeks after their deadline for designating expert witnesses had passed. They did not file a motion requesting leave to do so. Appellants also did not file a response to the HOA's objection to Williams's affidavit before the trial court sustained that objection. Instead, five days after the trial court issued its orders granting summary judgment and sustaining the HOA's objections, appellants filed objections to those orders. At that stage, they argued that the trial court erred by striking Williams's affidavit because there was good cause for his late designation as an expert witness and the HOA was not prejudiced. They did not request a hearing or obtain a ruling on their objections to the trial court's orders. We conclude that appellants have not preserved error on this issue.[2] *See* Tex.R.App. P. 33.1(a)(1)(A) (to preserve error for appellate review, appellant must make objection to trial court and obtain ruling). We overrule appellants' sixth issue.

## Summary–Judgment Evidence on Damages

Appellants alleged three causes of action below: breach of fiduciary duty, violation of the DTPA, and fraud. Damages is a necessary and common element of each of those claims. *See, e.g., Haden v. David J.*

2. In the reply brief they filed in this Court, appellants suggest that the trial court could not consider the HOA's objections to appellants' summary-judgment evidence because they were filed only two days before the summary-judgment hearing and the record "does not establish or in any way reflect that the three-day [notice] requirement [under Texas Rule of Civil Procedure 21] would be ignored." This argument was not raised as one of appellants' issues on appeal and is not before us. Nevertheless, we disagree with appellants' suggestion that the trial court could not consider the HOA's objections. Texas Rule of Civil Procedure 166a, which establishes the procedure for summary judgment proceedings, does not impose a deadline by which a movant must file its reply (including objections) to a nonmovant's response. *See* Tex.R. Civ. P. 166a(c); *Shelton v. Sargent,* 144 S.W.3d 113, 119 (Tex.App.-Fort Worth 2004, pet. denied); *Knapp v. Eppright,* 783 S.W.2d 293, 296 (Tex.App.-Houston [14th Dist.] 1989, no writ); *Wright v. Lewis,* 777 S.W.2d 520, 522 (Tex.App.-Corpus Christi 1989, writ denied). The trial court acted within its discretion when it considered the HOA's objections. *See Shelton,* 144 S.W.3d at 119.

*Sacks, P.C.,* 222 S.W.3d 580, 595 n. 12 (Tex.App.-Houston [1st Dist.] 2007, pet. filed). Appellees' no-evidence motion for summary judgment contended there was no evidence supporting the damages element of appellants' claims. Consequently, the burden shifted to appellants to raise a genuine issue of material fact on the damages element of their claims in order to avoid summary judgment. *See* Tex.R. Civ. P. 166a(i) & cmt.; *Grant,* 73 S.W.3d at 215; *Patino,* 158 S.W.3d at 659.

In issue one, appellants claim they raised a fact issue regarding damages on their breach-of-fiduciary-duty claim. First, they refer to Max Williams's affidavit. We have already concluded, however, that appellants did not preserve error on their claim that the objection to his affidavit should have been overruled. Consequently, appellants cannot rely on Williams's affidavit to demonstrate that the trial court erred in granting summary judgment.

■ Appellants also claim that the HOA "received some benefit, including the $7,500.00 initial payment specifically earmarked for camouflage of the tower, and has and continues to receive the sum of $400.00 a month per the lease agreement, funds which have not been used to camouflage the tower nor compensate [appellants]." But appellants do not cite any authority to support their contention that this raises an issue of fact regarding their claimed damages. Consequently, they have not sufficiently briefed this issue for appellate review. *See* Tex.R.App. P. 38.1; *Ratsavong v. Menevilay,* 176 S.W.3d 661, 666 (Tex.App.-El Paso 2005, pet. denied) (failure to cite authority in support of contention constitutes waiver of issue on appeal). Nevertheless, even assuming for the purposes of our analysis that these facts are true, at most they create only a surmise of damages, which is insufficient to defeat summary judgment. *See King*

*Ranch,* 118 S.W.3d at 751 (evidence constitutes "less than a scintilla" when it is " 'so weak as to do no more than create a mere surmise or suspicion' of a fact"). We overrule appellants' first issue.

■ In issue three, appellants contend that they raised issues of fact regarding damages on their DTPA claim. Appellants argue that they were "deprived of the opportunity to negotiate their own funds for camouflaging the view of the tower" and that they "have been deprived of the very fund paid for the express purpose of camouflaging the tower." But appellants do not cite to the record or cite any authority for their contention that this raises an issue of fact regarding their claimed damages. Consequently, they have not sufficiently briefed this argument for appellate review. *See* Tex.R.App. P. 38.1; *Ratsavong,* 176 S.W.3d at 666. Moreover, even assuming for the purposes of our analysis that these facts are true, at most they create only a surmise of damages, which is insufficient to defeat summary judgment. *See King Ranch,* 118 S.W.3d at 751. We overrule appellants' third issue.

■ Finally, appellants do not argue on appeal that they raised a fact issue on damages sufficient to defeat no-evidence summary judgment on their fraud claim. Consequently, we also affirm dismissal of the fraud claim because the trial court may have dismissed that claim because there was no evidence of damages. *See, e.g., Holloway v. Starnes,* 840 S.W.2d 14, 23 (Tex.App.-Dallas 1992, writ denied) (if summary judgment may have been rendered, properly or improperly, on ground not challenged on appeal, judgment must be affirmed); *see also Ellis v. Precision Engine Rebuilders, Inc.,* 68 S.W.3d 894, 898 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (when party moves for summary judgment on several grounds, appealing party must assign error to each ground, or

judgment will be affirmed on ground about which no complaint is made).

We conclude that the trial court properly granted summary judgment against appellants because appellants presented no evidence of damages. *See, e.g., Haden,* 222 S.W.3d at 596–98 (concluding trial court properly rendered no-evidence summary judgment in favor of law firm because clients did not present competent summary-judgment evidence of damages element of their fraud, DTPA, and breach-of-fiduciary-duty counterclaims). We do not address appellants' other issues because, even if we sustained those issues, we would still affirm the summary judgment on the ground that there is no evidence of damages. *See* TEX.R.APP. P. 47.1 (opinion need only address issues "necessary to final disposition of the appeal").

### CONCLUSION

We overrule appellants' issues and affirm the judgment of the trial court.