COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-035-CV

 

 

CYNTHIA MCCLURE                                                             APPELLANT

 

                                                   V.

 

AMERISURE INSURANCE COMPANY                                         APPELLEE

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In two issues, appellant
Cynthia McClure appeals from the trial court=s order granting appellee Amerisure Insurance Company=s no evidence motion for summary judgment.  We affirm.








McClure was employed as a
salesperson for Thomas Draperies, Inc., which, at all relevant times, had
workers= compensation insurance coverage through Amerisure.  On September 14, 1994, McClure, while in the
course and scope of her employment, was involved in an automobile
accident.  Immediately following the
accident, McClure was treated at Arlington Memorial Hospital=s emergency room for non-depressed fracture of the sternum, left wrist
fracture, fracture of the nasal bone, left eyelid laceration, and hand
contusions (the Acompensable
injury@).[2]  She was admitted into the hospital for
observation and discharged the next day. 


McClure filed a worker=s compensation claim with the Texas Worker=s Compensation Commission. 
Amerisure accepted McClure=s claim for worker=s compensation benefits without dispute. 

In April of 1996, McClure
settled with the third party responsible for the automobile accident accepting
approximately $50,000.00, of which McClure received about $18,000.00.  McClure=s attorney received the balance for legal services rendered in
procuring the settlement.








Pursuant to section 417.002
of the labor code, the settlement proceeds were to be used to reimburse
Amerisure for benefits, including medical benefits, it paid McClure for the
compensable injury.[3]  Further, any amount of the proceeds that
exceeded the amount of the reimbursement Amerisure was entitled to, was to be
treated as an advance against future benefits, including medical benefits, that
McClure was entitled to receive (the Aadvance@).[4]  If the advance was adequate to cover all
future benefits McClure was entitled to, Amerisure was not required to resume
payment of benefits.[5]








Seven years after the
occurrence of the compensable injury, McClure alleged that her compensable
injury extended to include hypertension, inflamation of the sternum, sleep
apnea, fibromyalgia/connective tissue disorder, post-traumatic stress disorder,
depression, anxiety disorder, and headaches. 
McClure also alleged that she had exhausted the advance on the payment
of compensable medical care and, therefore, Amerisure was required to resume
payment of benefits.  Amerisure disputed
that these conditions were  related to
the compensable injury.   

McClure took her claim to the
Texas Worker=s
Compensation Commission=s
administrative resolution dispute process. 
A benefit review conference was held to mediate the dispute, but the
parties were unable to reach agreement. 
Therefore, a benefit contested case hearing was held to decide the
extent of the compensable injury and whether McClure had  exhausted the advance.   

On May 24, 2004, the hearing
officer signed a decision and order finding that McClure=s compensable injury did not extend to include her conditions and that
she had not exhausted the advance requiring Amerisure to resume payment of
benefits.  McClure appealed this
determination to the Texas Workers= Compensation Commission Appeals Panel, which affirmed the hearing
officer=s decision and order.[6]  








On September 3, 2004, McClure
filed a petition for judicial review in the trial court.[7]  Amerisure moved for no evidence summary
judgment asserting there was no evidence that McClure=s conditions were caused by the compensable injury and that McClure
had exhausted the advance on medical expenses reasonable and necessary as a
result of the compensable injury.[8]  McClure responded attaching her affidavit and
the affidavits of three expert witnesses, Farrel Endsley, D.O., David Fair and
Frank Minirth, M.D.  Amerisure filed
objections to the affidavits stating that the affidavits were conclusory, based
on hearsay, and offered without proper predicate.[9]
        








On December 29, 2006, the
trial court entered a final order sustaining the objections to McClure=s, Endsley=s, Fair=s, and Minirth=s affidavits,
and granting Amerisure=s motion for
summary judgment. 

On appeal, McClure contends
that the trial court abused its discretion in sustaining objections to her
summary judgment evidence and in granting Amerisure=s no evidence motion for summary judgment because there was evidence
to create a genuine issue of material fact on extent of the injury and
exhaustion of the advance.  








A party moving for no
evidence summary judgment asserts that there is no evidence of one or more
essential elements of the claims upon which the opposing party would have the
burden of proof at trial.[10]  A no evidence summary judgment is essentially
a pretrial directed verdict, to which the appellate courts apply a legal
sufficiency standard of review.[11]  In response to a no evidence motion, the
non-movant is only required to present evidence that raises a genuine issue of
fact on the challenged elements of the claims.[12]  A no evidence motion is properly granted only
if the non-movant fails to bring forth more than a scintilla of probative
evidence to raise a genuine issue of material fact as to the challenged
elements.[13]  We review the trial court=s decision on the admissibility of evidence in a summary judgment
proceeding under an abuse of discretion standard.[14]  

To raise an issue of genuine
material fact on her extent of the injury claim, McClure offered the affidavits
of Endsley, Fair and Minirth to establish that her conditions were related to
and caused by the compensable injury. 
Amerisure objected to Endley=s, Fair=s and
Minirth=s affidavits as, among other things, being conclusory.  The trial court sustained the objection.  We agree that the expert opinions offered in
the affidavits on the issue of causation are conclusory.

In their respective
affidavits, Endsley, Fair and Minirth identify their educational
and professional background and the treatment provided to McClure.  On the issue of causation, they testified as
follows:

Endlsey:     In my opinion,
in all reasonable medical probability, the automobile accident on September 14,
1994 was related to and a producing cause of Ms. McClure=s depression, anxiety, post traumatic
stress disorder, and migraine headaches.  


 








Fair:          In my opinion,
in all reasonable probability, the automobile accident on September 14, 1994
was related to and a producing cause of Ms. McClure=s depression, anxiety, and post
traumatic stress disorder[.] 

 

Minirth:      In my opinion,
in all reasonable medical probability, the automobile accident on September 14,
1994 was a producing cause of [McClure=s] symptoms of depression and
anxiety. 

 

Affidavits supporting and opposing a motion for summary judgment
must set forth facts, not legal conclusions.[15]  A conclusory
statement is one that does not provide the underlying facts to support the
conclusion,[16] and it
is insufficient to create a question of material fact to defeat summary
judgment.[17]  To constitute competent summary judgment
evidence, the testimony must provide an explanation linking the basis of the
conclusion to the facts.[18]








        Endsley=s, Fair=s and Minirth=s affidavits fail to provide any underlying facts or
medical opinions linking McClure=s conditions to her compensable injury or the cause of her
compensable injury.  Their opinions that
her conditions were caused by the September 14, 1994 accident are conclusory
and, therefore, insufficient to create a question of fact on causation.[19]  Consequently, the trial court did not abuse
its discretion in striking the affidavits from the summary judgment evidence.[20]  

Because Amerisure=s conclusory objections to the affidavits were properly
sustained, there is no evidence in the summary judgment record to defeat
Amerisure=s no evidence motion for summary judgment.  We overrule both of McClure=s issues[21] and
affirm the trial court=s judgment. 

 

PER CURIAM








PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 14, 2008                                     

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Lab. Code Ann. ' 401.011(10) (A>Compensable
injury=@
means an injury that arises out of and in the course and scope of employment
for which [worker=s]
compensation is payable[.]@).





[3]See Tex. Lab. Code Ann. ' 417.002(a) (Vernon 2006) (AThe
net amount recovered by a claimant in a third-party action shall be used to
reimburse the insurance carrier for benefits, including medical benefits, that
have been paid for the compensable injury.@).





[4]See
id. ' 417.002(b)
(AAny
amount recovered that exceeds the amount of the reimbursement required under
Subsection (a) shall be treated as an advance against future benefits,
including medical benefits, that the claimant is entitled to receive[.]@).





[5]See
id. ' 417.002(c)
(AIf the
advance under Subsection (b) is adequate to cover all future benefits, the
insurance carrier is not required to resume the payment of benefits.  If the advance is insufficient, the insurance
carrier shall resume the payment of benefits when the advance is exhausted.@).





[6]In
reaching this decision, the appeals panel found that McClure had attached new
evidence to her appeal that had not been offered into evidence at the
hearing.  The appeals panel determined
that the new evidence did not meet the requirements for Anewly
discovered evidence@ and
would not be considered on appeal.  See
Black v. Wills, 758 S.W.2d 809, 818 (Tex. App.CDallas
1988, no writ) (discussing what constitutes Anewly discovered evidence@).  McClure did not seek judicial review of this
determination.  See Tex. Lab. Code ' 410.302(b)
(Vernon 2006) (limiting judicial review to issues specifically set forth in
pleadings).  





[7]See Tex. Lab. Code Ann. ''  410.301B308
(Vernon 2006) (providing for judicial review of appeals panel decisions).





[8]Amerisure
also asserted that McClure was precluded from introducing any evidence in the
trial court to support her extent of the injury and exhaustion of the advance
claims that she had not disclosed to Amerisure prior to the administrative
hearing. See Tex. Lab. Code Ann. ' 410.161
(AA
party who fails to disclose information known to the party or documents that
are in the party=s
possession, custody, or control at the time disclosure is required [by the
worker=s
compensation commission] may not introduce the evidence at any subsequent
proceeding before the division or in court on the claim unless good cause is
shown for not having disclosed the information or documents[.]@).   As
previously noted, see supra n. 6, McClure did not seek judicial review
of the appeals panels=
decision not to consider new evidence and, accordingly, it was not before the
trial court.  See Tex. Lab. Code Ann. ' 410.302(b).  





[9]Amerisure
also objected to McClure=s
expert designations as untimely.  

 





[10]See Tex. R. Civ. P. 166a(i).





[11]AMS
Constr. Co., Inc. v. Warm Springs Rehab. Found., Inc., 94
S.W.3d 152, 159 (Tex. App.CCorpus Christi 2002, no
pet.).





[12]Id.





[13]Tex. R. Civ. P. 166a(i).





[14]Martin
v. Estates of Russell Creek Homeowners Ass=n,
Inc., 251 S.W.3d 899, 902 (Tex. App.CDallas 2008, no pet.);
Harris v. Showcase Chevrolet, 231 S.W.3d 559, 561 (Tex. App.CDallas
2007, no pet.); Baker v. Gregg County, 33 S.W.3d 72, 78 (Tex. App.CTexarkana
2000, pet. dism=d).





[15]AMS
Constr. Co., 94 S.W.3d at 157; see Mercer v. Daoran Corp., 676
S.W.2d 580, 583 (Tex. 1984).





[16]AMS
Constr., 94 S.W.3d at 157.





[17]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 803 (Tex. 2004); McIntyre v. Ramirez, 109 S.W.3d 741, 749B50
(Tex. 2003).





[18]Windsor
v. Maxwell, 121 S.W.3d 42, 49 (Tex. App.CFort
Worth 2003, pet. denied); see IHS Cedars, 143 S.W.3d at 803 (finding
affidavit conclusory because it lacked explanation as to how the conduct was
cause in fact of the injuries); Earle v. Ratliff, 998 S.W.2d 882, 890
(Tex. 1999) (stating that expert must link conclusions to facts).





[19]See
IHS Cedars, 143 S.W.3d at 803; Earle, 998 S.W.3d at
890; Windsor, 121 S.W.3d at 49.





[20]Amerisure
also objected to the affidavits on the grounds that they were based on hearsay
and offered without proper predicate. 
However, because we conclude that the affidavits are conclusory, we need
not address the remaining grounds for Amerisure=s
objection.  See Tex. R. App. P. 47.1.  





[21]Amerisure
also moved for no evidence summary judgment on the basis that there was no
evidence that McClure had exhausted the advance on medical expenses reasonable
and necessary as a result of the compensable injury.  Because we have held that there is no
evidence that McClure=s
conditions were related to and caused by the compensable injury, however, we
need not reach this question.  See Tex. R. App. P. 47.1.