

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-035-CV**

---

CYNTHIA MCCLURE                                                    APPELLANT

V.

AMERISURE INSURANCE COMPANY                                        APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In two issues, appellant Cynthia McClure appeals from the trial court's order granting appellee Amerisure Insurance Company's no evidence motion for summary judgment. We affirm.

McClure was employed as a salesperson for Thomas Draperies, Inc., which, at all relevant times, had workers' compensation insurance coverage

---

[1] *See* TEX. R. APP. P. 47.4.

through Amerisure. On September 14, 1994, McClure, while in the course and scope of her employment, was involved in an automobile accident. Immediately following the accident, McClure was treated at Arlington Memorial Hospital's emergency room for non-depressed fracture of the sternum, left wrist fracture, fracture of the nasal bone, left eyelid laceration, and hand contusions (the "compensable injury").[2] She was admitted into the hospital for observation and discharged the next day.

McClure filed a worker's compensation claim with the Texas Worker's Compensation Commission. Amerisure accepted McClure's claim for worker's compensation benefits without dispute.

In April of 1996, McClure settled with the third party responsible for the automobile accident accepting approximately $50,000.00, of which McClure received about $18,000.00. McClure's attorney received the balance for legal services rendered in procuring the settlement.

Pursuant to section 417.002 of the labor code, the settlement proceeds were to be used to reimburse Amerisure for benefits, including medical benefits,

---

[2] *See* TEX. LAB. CODE ANN. § 401.011(10) ("'Compensable injury'" means an injury that arises out of and in the course and scope of employment for which [worker's] compensation is payable[.]").

it paid McClure for the compensable injury.[3]  Further, any amount of the proceeds that exceeded the amount of the reimbursement Amerisure was entitled to, was to be treated as an advance against future benefits, including medical benefits, that McClure was entitled to receive (the "advance").[4]  If the advance was adequate to cover all future benefits McClure was entitled to, Amerisure was not required to resume payment of benefits.[5]

Seven years after the occurrence of the compensable injury, McClure alleged that her compensable injury extended to include hypertension, inflamation of the sternum, sleep apnea, fibromyalgia/connective tissue disorder, post-traumatic stress disorder, depression, anxiety disorder, and headaches.  McClure also alleged that she had exhausted the advance on the payment of compensable medical care and, therefore, Amerisure was required

---

[3] *See* TEX. LAB. CODE ANN. § 417.002(a) (Vernon 2006) ("The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.").

[4] *See id.* § 417.002(b) ("Any amount recovered that exceeds the amount of the reimbursement required under Subsection (a) shall be treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive[.]").

[5] *See id.* § 417.002(c) ("If the advance under Subsection (b) is adequate to cover all future benefits, the insurance carrier is not required to resume the payment of benefits.  If the advance is insufficient, the insurance carrier shall resume the payment of benefits when the advance is exhausted.").

3

to resume payment of benefits. Amerisure disputed that these conditions were related to the compensable injury.

McClure took her claim to the Texas Worker's Compensation Commission's administrative resolution dispute process. A benefit review conference was held to mediate the dispute, but the parties were unable to reach agreement. Therefore, a benefit contested case hearing was held to decide the extent of the compensable injury and whether McClure had exhausted the advance.

On May 24, 2004, the hearing officer signed a decision and order finding that McClure's compensable injury did not extend to include her conditions and that she had not exhausted the advance requiring Amerisure to resume payment of benefits. McClure appealed this determination to the Texas Workers' Compensation Commission Appeals Panel, which affirmed the hearing officer's decision and order.[6]

---

[6] In reaching this decision, the appeals panel found that McClure had attached new evidence to her appeal that had not been offered into evidence at the hearing. The appeals panel determined that the new evidence did not meet the requirements for "newly discovered evidence" and would not be considered on appeal. *See Black v. Wills,* 758 S.W.2d 809, 818 (Tex. App.—Dallas 1988, no writ) (discussing what constitutes "newly discovered evidence"). McClure did not seek judicial review of this determination. *See* TEX. LAB. CODE § 410.302(b) (Vernon 2006) (limiting judicial review to issues specifically set forth in pleadings).

4

On September 3, 2004, McClure filed a petition for judicial review in the trial court.[7] Amerisure moved for no evidence summary judgment asserting there was no evidence that McClure's conditions were caused by the compensable injury and that McClure had exhausted the advance on medical expenses reasonable and necessary as a result of the compensable injury.[8] McClure responded attaching her affidavit and the affidavits of three expert witnesses, Farrel Endsley, D.O., David Fair and Frank Minirth, M.D. Amerisure filed objections to the affidavits stating that the affidavits were conclusory, based on hearsay, and offered without proper predicate.[9]

---

[7] *See* TEX. LAB. CODE ANN. §§ 410.301–308 (Vernon 2006) (providing for judicial review of appeals panel decisions).

[8] Amerisure also asserted that McClure was precluded from introducing any evidence in the trial court to support her extent of the injury and exhaustion of the advance claims that she had not disclosed to Amerisure prior to the administrative hearing. *See* TEX. LAB. CODE ANN. § 410.161 ("A party who fails to disclose information known to the party or documents that are in the party's possession, custody, or control at the time disclosure is required [by the worker's compensation commission] may not introduce the evidence at any subsequent proceeding before the division or in court on the claim unless good cause is shown for not having disclosed the information or documents[.]"). As previously noted, *see supra* n. 6, McClure did not seek judicial review of the appeals panels' decision not to consider new evidence and, accordingly, it was not before the trial court. *See* TEX. LAB. CODE ANN. § 410.302(b).

[9] Amerisure also objected to McClure's expert designations as untimely.

5

On December 29, 2006, the trial court entered a final order sustaining the objections to McClure's, Endsley's, Fair's, and Minirth's affidavits, and granting Amerisure's motion for summary judgment.

On appeal, McClure contends that the trial court abused its discretion in sustaining objections to her summary judgment evidence and in granting Amerisure's no evidence motion for summary judgment because there was evidence to create a genuine issue of material fact on extent of the injury and exhaustion of the advance.

A party moving for no evidence summary judgment asserts that there is no evidence of one or more essential elements of the claims upon which the opposing party would have the burden of proof at trial.[10] A no evidence summary judgment is essentially a pretrial directed verdict, to which the appellate courts apply a legal sufficiency standard of review.[11] In response to a no evidence motion, the non-movant is only required to present evidence that raises a genuine issue of fact on the challenged elements of the claims.[12] A no evidence motion is properly granted only if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material

---

[10] *See* TEX. R. CIV. P. 166a(i).

[11] *AMS Constr. Co., Inc. v. Warm Springs Rehab. Found., Inc.,* 94 S.W.3d 152, 159 (Tex. App.—Corpus Christi 2002, no pet.).

[12] *Id.*

6

fact as to the challenged elements.[13]  We review the trial court's decision on the admissibility of evidence in a summary judgment proceeding under an abuse of discretion standard.[14]

To raise an issue of genuine material fact on her extent of the injury claim, McClure offered the affidavits of Endsley, Fair and Minirth to establish that her conditions were related to and caused by the compensable injury. Amerisure objected to Endley's, Fair's and Minirth's affidavits as, among other things, being conclusory.  The trial court sustained the objection.  We agree that the expert opinions offered in the affidavits on the issue of causation are conclusory.

In their respective affidavits, Endsley, Fair and Minirth identify their educational and professional background and the treatment provided to McClure.  On the issue of causation, they testified as follows:

> Endlsey:  In my opinion, in all reasonable medical probability, the automobile accident on September 14, 1994 was related to and a producing cause of Ms. McClure's depression, anxiety, post traumatic stress disorder, and migraine headaches.

---

[13] TEX. R. CIV. P. 166a(i).

[14] *Martin v. Estates of Russell Creek Homeowners Ass'n, Inc.,* 251 S.W.3d 899, 902 (Tex. App.—Dallas 2008, no pet.); *Harris v. Showcase Chevrolet,* 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.); *Baker v. Gregg County,* 33 S.W.3d 72, 78 (Tex. App.—Texarkana 2000, pet. dism'd).

7

Fair:      In my opinion, in all reasonable probability, the automobile accident on September 14, 1994 was related to and a producing cause of Ms. McClure's depression, anxiety, and post traumatic stress disorder[.]

Minirth:    In my opinion, in all reasonable medical probability, the automobile accident on September 14, 1994 was a producing cause of [McClure's] symptoms of depression and anxiety.

Affidavits supporting and opposing a motion for summary judgment must set forth facts, not legal conclusions.[15] A conclusory statement is one that does not provide the underlying facts to support the conclusion,[16] and it is insufficient to create a question of material fact to defeat summary judgment.[17] To constitute competent summary judgment evidence, the testimony must provide an explanation linking the basis of the conclusion to the facts.[18]

---

[15] *AMS Constr. Co.,* 94 S.W.3d at 157; *see Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex. 1984).

[16] *AMS Constr.,* 94 S.W.3d at 157.

[17] *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 803 (Tex. 2004); *McIntyre v. Ramirez,* 109 S.W.3d 741, 749–50 (Tex. 2003).

[18] *Windsor v. Maxwell,* 121 S.W.3d 42, 49 (Tex. App.—Fort Worth 2003, pet. denied); *see IHS Cedars,* 143 S.W.3d at 803 (finding affidavit conclusory because it lacked explanation as to how the conduct was cause in fact of the injuries); *Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex. 1999) (stating that expert must link conclusions to facts).

8

Endsley's, Fair's and Minirth's affidavits fail to provide any underlying facts or medical opinions linking McClure's conditions to her compensable injury or the cause of her compensable injury. Their opinions that her conditions were caused by the September 14, 1994 accident are conclusory and, therefore, insufficient to create a question of fact on causation.[19] Consequently, the trial court did not abuse its discretion in striking the affidavits from the summary judgment evidence.[20]

Because Amerisure's conclusory objections to the affidavits were properly sustained, there is no evidence in the summary judgment record to defeat Amerisure's no evidence motion for summary judgment. We overrule both of McClure's issues[21] and affirm the trial court's judgment.

PER CURIAM

---

[19] *See IHS Cedars,* 143 S.W.3d at 803; *Earle,* 998 S.W.3d at 890; *Windsor,* 121 S.W.3d at 49.

[20] Amerisure also objected to the affidavits on the grounds that they were based on hearsay and offered without proper predicate. However, because we conclude that the affidavits are conclusory, we need not address the remaining grounds for Amerisure's objection. *See* TEX. R. APP. P. 47.1.

[21] Amerisure also moved for no evidence summary judgment on the basis that there was no evidence that McClure had exhausted the advance on medical expenses reasonable and necessary as a result of the compensable injury. Because we have held that there is no evidence that McClure's conditions were related to and caused by the compensable injury, however, we need not reach this question. *See* TEX. R. APP. P. 47.1.

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 14, 2008