Reynaldo C. PATINO, Appellant,

v.

COMPLETE TIRE, INC., Appellee.

No. 05–04–00561–CV.

Court of Appeals of Texas,
Dallas.

March 10, 2005.

Kent Wade Starr, Star & Associates, Dallas, for Appellant.

John Walter Reeder, Plano, for Appellee.

Before Justices BRIDGES, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

In two issues, Reynaldo C. Patino challenges the summary judgment and discovery sanctions granted in favor of Complete Tire, Inc. For the reasons below, we resolve Patino's two issues against him and affirm the trial court's summary judgment.

## I. BACKGROUND

Complete Tire, Inc. hired Patino in May 2002 to remove and repair flat truck tires. According to the allegations in Patino's original petition, on June 10, 2002, while removing a large flat tire from the rim, he was struck in the head by a piece of pipe and was injured. He received medical attention. Complete Tire, Inc. terminated Patino on July 3, 2002. Patino alleged that Complete Tire, Inc., was negligent in failing to provide training and supervision on the proper method and safety hazards of removing and repairing flat tires and that, as a result of these failures, he was injured.

Complete Tire, Inc. served discovery requests upon Patino, to which Patino served objections and responses. After Patino failed to supplement his answers, Complete Tire, Inc. filed a combined motion to compel and motion for sanctions, asserting that Patino's answers were deficient. Patino responded to the motion to compel and motion for sanctions and supplement-

ed his discovery responses. After a hearing, the trial court granted the motion to compel. Subsequently, the trial court heard the motion for sanctions and ordered Patino to pay $1,500 in attorney's fees to Complete Tire, Inc.

Complete Tire, Inc.'s initial motion for no-evidence summary judgment was denied as premature. Subsequently, Complete Tire, Inc. filed a "reasserted" no-evidence motion for summary judgment. Patino responded and supported his response with evidence. The trial court granted the motion for summary judgment. The prior order on discovery sanctions was specifically made a part of the order granting summary judgment. This appeal timely followed.

## II. PROPRIETY OF SUMMARY JUDGMENT

In his first issue, Patino contends the trial court erred in granting Complete Tire, Inc.'s no-evidence motion for summary judgment.

### A. Standard of Review and Applicable Law

■ When a motion for summary judgment is presented under rule of civil procedure 166a(i) asserting there is no evidence of one or more essential elements of the nonmovant's claims upon which the nonmovant would have the burden of proof at trial, the burden shifts to the nonmovant to present enough evidence to be entitled to a trial, that is, evidence that raises a genuine fact issue on the challenged elements. TEX.R. CIV. P. 166a(i) & cmt.; *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). If the nonmovant is unable to provide enough evidence, the trial judge must

grant the motion. *Gen. Mills Rests., Inc.*, 12 S.W.3d at 832.

■ Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Id.* at 832–33. Thus, our task as an appellate court is to determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* at 833. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Id.*

■ Because it is undisputed that Complete Tire, Inc. is a workers' compensation nonsubscriber, Patino must establish negligence by Complete Tire, Inc. in order to recover. *See Werner v. Colwell*, 909 S.W.2d 866, 868 (Tex.1995); TEX. LAB.CODE ANN. § 406.033(d) (Vernon 2004–05) (providing that, in action against employer who lacks workers' compensation insurance coverage, "the plaintiff must prove negligence of the employer"). The elements of a negligence cause of action are: (1) the defendant owed a particular duty to the plaintiff; (2) the defendant breached that duty by failing to adhere to a recognized standard of care; and (3) the breach of duty proximately caused the plaintiff injury. *See Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex.1998).

### B. Discussion

■■ Initially, we address Patino's argument in his response and on appeal that Complete Tire, Inc.'s motion for summary judgment was conclusory and did not attack any of the essential elements of his negligence cause of action. If a no-evidence motion for summary judgment is not

specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law. *Callaghan Ranch, Ltd., v. Killam,* 53 S.W.3d 1, 3 (Tex.App.-San Antonio 2000, pet. denied) (citing *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex.1993)); *see Cimarron Hydrocarbons Corp. v. Carpenter,* 143 S.W.3d 560, 563 (Tex.App.-Dallas 2004, pet. filed).

After stating the elements of a negligence cause of action and the no-evidence summary judgment standard, Complete Tire, Inc.'s "Reasserted No–Evidence Motion for Summary Judgment" states:

> Therefore, Defendant is entitled to summary judgment because Plaintiff cannot demonstrate any evidence to support his negligence claims. Specifically, Plaintiff cannot prove the existence of a specific legal duty owned to him, the breach of that duty, that any such breach caused him injury, and that his alleged continuing medical problems are causally related to any alleged injury he suffered as a result of Defendant's negligence.

We conclude the motion states the elements of Patino's negligence claim as to which there is no evidence as required by rule 166a(i). *See* Tex.R. Civ. P. 166a(i); *cf. Killam,* 53 S.W.3d at 3–4 (concluding that motion stating defendants "are entitled to summary judgment because the Plaintiffs cannot by pleading, deposition, answers to interrogatories or other admissible evidence demonstrate there is any evidence to support the declaratory judgment seeking to declare the road in question a public thoroughfare" and generally challenging plaintiff's factual allegations failed to state elements of causes of action as to which there was no evidence and was legally insufficient). Accordingly, we reject Patino's argument that the motion for summary judgment was legally insufficient.

■ Next, we address Patino's argument that the trial court erred in granting the no-evidence motion for summary judgment because he brought forth more than a scintilla of evidence to prove his negligence claim.

### 1. Standard of Care

■ An employer has a duty to adequately hire, train, and supervise employees. *Allen v. A & T Transp. Co.,* 79 S.W.3d 65, 70 (Tex.App.-Texarkana 2002, pet. denied). The negligent performance of those duties may impose liability on an employer if the complainant's injuries result from the employer's failure to take reasonable precautions to protect the complainant from the misconduct of its employees. *Id.* Although an employer is not an insurer of its employees' safety at work, it has a duty to use ordinary care in providing a safe workplace. *Id.* This includes providing rules and regulations for the safety of employees, warning employees of the hazards of their employment, and supervising their activities. *Id.* The age and experience of the employee should be considered in measuring the duty of the employer. *Id.*

■ As an offshoot of this duty, the employer is also required to instruct employees in the safe use and handling of products and equipment used in and around an employer's premises or facilities. *Id.* However, an employer has no duty to adopt safety rules where its business is neither complex nor hazardous or where the dangers incident to the work are obvious or are of common knowledge and fully understood by the employee. *Id.*

■ The duty to warn or caution an employee of a danger arises when: (a) the employment is of a dangerous character requiring skill and caution for its safe and proper discharge, and (b) the employer is aware of the danger and has reason to

know the employee is unaware of the danger. *Id.* However, an employer's duty to instruct applies to an inexperienced employee, but not to one who is experienced in the work he is assigned. *Id.*

In his response, Patino stated that he had "retained an expert with 33 years of experience in the tire industry who will be testifying regarding training necessary to prevent injuries and deaths of individuals charged with changing large diesel tires." Patino did not identify the alleged expert. Patino did not attach to his response an affidavit from any person setting forth the standard of care regarding training and supervision of a person with Patino's experience in tire changing. Patino did not produce any evidence as to his experience or knowledge, Complete Tire, Co.'s knowledge of his experience at the time of the incident, or the specific equipment or procedure for which he lacked training or supervision. Accordingly, we conclude that Patino failed to bring forth any evidence as to the challenged element of standard of care. *See* Tex.R. Civ. P. 166a(i).

### 2. Breach of Duty

■ Patino argues that a breach of an employer's duty to provide a safe work place for its employees can be established when evidence is provided that training beyond that given by the employer would be necessary or proper by a reasonably prudent employer. *See Allsup's Convenience Stores, Inc. v. Warren*, 934 S.W.2d 433, 437 (Tex.App.-Amarillo 1996, writ denied). Here, Patino points to the affidavits of two former co-workers, who stated that they never received any type of training. This is no evidence as to the absence of any training as to Patino.

Patino's summary judgment evidence included Complete Tire, Inc.'s interrogatory response, in which it stated that, for the first two days of employment, Patino was sent out on calls with an experienced tire technician and "at that time his tire changing technique would have been observed and any necessary comments made concerning adjustments that may have been necessary in his tire changing technique and examples of proper tire changing techniques would have been shown to him" and that "[a] few times after that initial two day period, [Patino] accompanied a more experienced tire technician on an assigned job." However, Patino presented no evidence showing that training and supervision beyond that given by Complete Tire, Inc. would be necessary or proper by a reasonably prudent employer, that is, the training and supervision Complete Tire, Inc. negligently failed to provide. *See id.* We conclude that Patino failed to bring forth any evidence showing a breach of any standard of care. *See* Tex.R.App. P. 166a(i).

### 3. Causation

■ Proximate cause comprises two elements: cause in fact and foreseeability. *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex.2002). The test for cause in fact, or "but for cause," is whether the act or omission was a substantial factor in causing the injury "without which the harm would not have occurred." *Id.* (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995)). Although it appears that Complete Tire, Inc. acknowledges that Patino was injured while using a tire iron, Patino provided no evidence as to what actually happened and how he was injured. Thus, he provided no evidence linking his injuries to anything Complete Tire, Inc. did or failed to do. *See id.* at 822. Patino argues that he provided the injury reports of two former employees who were injured "in the exact same manner" as he was. But evidence of work-place injury is no evidence that, if

Complete Tire, Inc. "had done something different," Patino would not have been injured or would not have received the specific injuries he claimed. *See id.* at 820. Accordingly, Patino failed to bring forth any evidence as to the element of causation. *See* Tex.R.App. P. 166a(i).

Having concluded that Patino failed to bring forth any evidence as to the challenged elements, we resolve his first issue against him.

## III. PROPRIETY OF SANCTIONS

■ In his second issue, Patino contends the trial court erred in granting Complete Tire, Inc.'s, motion for discovery sanctions.

### A. Standard of Review and Applicable Law

■ A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles." *Id.* at 838–39 (citation omitted). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Id.* at 839. Sanctions are used to assure compliance with discovery and deter those who might be tempted to abuse discovery in the absence of a deterrent. *Id.* However, a trial court may not impose a sanction that is more severe than necessary to satisfy its legitimate purpose. *Id.; see TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991) (holding that rule of civil procedure 215 requires that any sanctions imposed be just, meaning that they must relate directly to the abuse found and not be excessive).

Texas Rule of Civil Procedure 215.2 allows a trial court to sanction a party for failure to comply with a discovery order or request. Tex.R. Civ. P. 215.2. Pursuant to rule 215.2(b), a trial court may order the disobedient party to pay reasonable expenses, including attorney's fees, caused by the failure to obey the order. Tex.R. Civ. P. 215.2(b)(8).

### B. Discussion

On June 27, 2003, Complete Tire, Inc. sent a request for disclosures, interrogatories, and requests for production to Patino. The parties entered a Rule 11 agreement allowing Patino until August 13, 2003 to respond to the discovery. On August 8, Complete Tire, Inc. received Patino's responses to discovery. On August 13, Complete Tire, Inc. notified Patino by letter that the discovery responses were "inadequate and incomplete" and required immediate supplementation within ten days. On August 29, when no response was received, Complete Tire, Inc. filed a motion to compel Patino to respond more fully to discovery requests and motion for sanctions.

A hearing on the motion to compel was set for October 10. On October 3, Patino sent amended discovery responses to Complete Tire, Inc. In its order on the motion to compel, the trial court found that Patino's responses were "incomplete and evasive"; the motion to compel was filed after Patino failed to serve supplemental responses within the ten-day deadline; the discovery responses were not amended until October 6, four days before the hearing; and, the amended responses, "while an improvement in some areas," were incomplete and evasive in other areas. The trial court granted the motion to compel as to many of the responses.

After a hearing on the motion for sanctions, the trial court signed a supplemental

order on the motion to compel discovery and motion for sanctions, in which it "reference[d] the findings it made in its prior order" on the motion to compel and found that an award of $1,500 in attorney's fees associated with compelling responses to discovery was appropriate.

Patino argues that the discovery requests were overly broad and were not limited as to a time period. However, as detailed above, the record shows that Patino asked for and was granted additional time to answer, provided insufficient answers, and developed his answers further only in response to a motion to compel. Even after providing supplemental answers, the trial court found those answers to be "incomplete and evasive." On this record, we conclude the trial court did not abuse its discretion in granting Complete Tire, Inc.'s motion for sanctions. *See Cire*, 134 S.W.3d at 838–39. We resolve Patino's second issue against him.

## IV. CONCLUSION

Having resolved Patino's two issues against him, we affirm the trial court's summary judgment.