**Amanda HAM, Appellant,**

v.

**EQUITY RESIDENTIAL PROPERTY MANAGEMENT SERVICES, CORP. and The Wimberly Apartment Homes, Ltd., Appellees.**

No. 05–08–01297–CV.

Court of Appeals of Texas, Dallas.

June 1, 2010.

Rehearing Overruled July 27, 2010.

J.J. Knauff, Miller & McCarthy, P.C., Dallas, for Appellant.

Timothy S. Perkins, Charles W. Blount, III, P. Theodore Stoinoff, II, Smith, Underwood & Perkins, P.C., Gene A. Hamm II, Dallas, for Appellees.

Before Justices O'NEILL, LANG–MIERS, and FILLMORE.

## OPINION

Opinion by Justice O'NEILL.

Amanda Ham was an overnight guest at The Wimberly Apartment Homes when she was shot by an intruder. She suffered injury and brought suit against appellees alleging negligence and gross negligence. The trial judge granted a no-evidence summary judgment. Ham appeals, alleging the trial judge erred by granting appellees' no-evidence summary judgment. Ham also contends the trial court abused its discretion in denying her motions relating to spoliation of evidence and appellees' designation of a responsible third party. We conclude there was no evidence to support the cause-in-fact element of Ham's claims against appellees, and affirm the trial court's judgment.

### BACKGROUND

In the early morning hours of June 10, 2005, an armed man entered The Wimberly Apartment Homes complex. Apartment 1311, in which Ham was an overnight guest, is visible from the front gate of the complex, and the area bordering its patio was unlit. The assailant kicked in the patio door and entered the apartment.

Ham attempted to escape by jumping the patio railing into the unlit expanse between buildings. She ran approximately ten feet before hearing the sound of a gun being cocked. She turned around and was shot by the assailant; her left breast was blown off by the blast.

Ham sued appellees for damages, alleging causes of action for negligence, breach of statutory duty, negligent hiring and retention, and gross negligence. Appellees moved for summary judgment, contending there was no evidence to support essential elements of Ham's claim, including no evidence of proximate cause. Discovery proceeded, including the designations and depositions of expert witnesses. In response to the motion for summary judgment, Ham contended she brought forth more than a scintilla of evidence to support each of her claims. Specifically, she contended five acts or omissions were the cause of her damages:

Defendants (i) did not have a sufficient notification policy to inform residents of criminal activity at the Complex; (ii) had burned-out lights, holes in fencing, and an inoperable gate at the Complex at the time of the shooting; (iii) had awareness that criminal activity increases in the summertime and when the gates are not functioning properly; (iv) had no security patrol working during the summer; and (v) was aware of prior criminal activity, similar in nature, in the days, weeks, and months proceeding the shooting. These acts and/or omissions separately and in combination allowed the assailant to gain entry to the Complex thereby causing Plaintiff's damages.

At the time of Ham's injury, appellees employed a courtesy patrol officer to maintain security at the complex. The courtesy officer completed 111 days of reports and submitted them to appellees' management. The deficiencies listed in the reports, such as deficient gates, lights, fencing, and criminal activity were to be remedied through the issuance of work orders. Ham sought these reports and work orders in discovery, but appellees did not produce any of them. Ham then sought sanctions and a spoliation presumption that the reports would be unfavorable to appellees. The trial judge denied Ham's motion, and granted appellees' no-evidence motion for summary judgment.

Appellees sought to designate the assailant as a responsible third party, first as John Doe, and then as Stanley Ledbetter. Ham moved to strike the designation of Ledbetter under section 33.004(*l*) of the Texas Civil Practice and Remedies Code on the ground that there was no evidence he was involved in the shooting. Appellees offered evidence in support of the designation, to which Ham objected. The trial court overruled Ham's objections and permitted the designation.

Ham seeks reversal of the trial court's summary judgment and the denial of her motions for a spoliation presumption and to strike the designation of Ledbetter as a responsible third party.

## STANDARDS OF REVIEW

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX.R. CIV. P. 166(a)(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). We must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Gen. Mills*, 12 S.W.3d at 833. When analyzing no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See id.* at 833. A party submits less than a scintilla of evidence when the evidence is so weak

as to do no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003).

When a defendant files a motion for summary judgment asserting there is no evidence of one or more essential elements of a plaintiff's claims, the burden shifts to the plaintiff to present enough evidence to raise a genuine issue of material fact on the challenged elements. Tex.R. Civ. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *Patino v. Complete Tire, Inc.,* 158 S.W.3d 655, 659 (Tex.App.-Dallas 2005, pet. denied). If the plaintiff does not raise a genuine issue of material fact, the trial judge must grant the motion. *Patino,* 158 S.W.3d at 659. If the trial court's order does not specify the grounds on which the summary judgment was granted, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *See Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex.2003).

▆▆▆ Ham also complains about the trial court's refusal to make a spoliation presumption in response to appellees' no-evidence summary judgment motion. Spoliation is the deliberate destruction of, failure to produce, or failure to explain the non-production of relevant evidence, which, if proved, may give rise to a presumption that the missing evidence would be unfavorable to the spoliator. *See Wal–Mart Stores, Inc. v. Johnson,* 106 S.W.3d 718, 721 (Tex.2003). A trial court's denial of a spoliation instruction is reviewed for abuse of discretion. *Id.* at 723; *MRT, Inc. v. Vounckx,* 299 S.W.3d 500, 510 (Tex.App.-Dallas 2009, no pet.).

Ham moved to strike appellees' designation of a responsible third party, citing section 33.004(*l*) of the Civil Practice and Remedies Code:

> (*l*) After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

Tex. Civ. Prac. & Rem.Code Ann. § 33.004(*l*) (Vernon 2008). When a motion to strike is filed under this section, the defendant must produce "sufficient evidence to raise a genuine issue of fact." *Id.* Whether the proof establishes as a matter of law that there is no genuine issue of fact is a question of law we review de novo. *See Flack v. Hanke,* —— S.W.3d ——, ——, —— (Tex.App.-San Antonio 2009, no pet. h.) (concluding standard of review under section 33.004(*l*) mirrors standard of review for no-evidence summary judgment).

## DISCUSSION

▆▆▆ In her second issue, Ham contends the trial court erred by granting appellees' no-evidence motion for summary judgment. Ham contends she offered evidence to raise a genuine issue of material fact on each of her claims. To prevail on her claims, Ham must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *Western Investments, Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005). "Proximate cause has two elements: cause in fact and foreseeability." *Id.* at 551 (citing *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992)). Cause in fact and foreseeability "cannot be established by mere conjecture, guess, or speculation." *Urena,* 162 S.W.3d at 551 (quoting *Doe v. Boys*

*Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995)). The *Urena* court explained, "[t]he test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred." *Id.* (citing *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex.2003)). The court also noted, "[i]f the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact." *Id.* (citing *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex.2004)).

In Ham's summary judgment response, regarding her negligence claim, she contended, "[t]hus, Defendants' failure to secure the premises and remedy lighting, fencing, and gate issues are the proximate cause of the initial burglary and subsequent shooting of Amanda Ham (Exhibit "N")." Exhibit N is the report of Bruce A. Jacobs, Ph.D., criminologist. Jacobs testified that he was asked to render his "professional opinion on the foreseeability of this incident and on the adequacy and I guess reasonableness of the crime prevention posture at the property in which—where this took place." Jacobs's report discusses foreseeability based upon similarity, recency, frequency, and proximity of criminal activity near the premises, as set forth in *Timberwalk Apartments Partners, Inc. v. Cain*, 972 S.W.2d 749, 756–57 (Tex. 1998).[1] He concludes these factors "made the apartment intrusion and shooting of Plaintiff reasonably foreseeable to the Defendant." As to cause in fact, however, he states only: "The failures and omissions

identified in the above paragraphs contributed substantially to the occurrence of the subject incident. Had these failures and omissions not been committed, the subject incident, in all reasonable probability, would not have occurred."

Jacobs testified about the scope of his opinion:

Real straightforward, my opinion is gonna focus on foreseeability, inadequacy of crime prevention measures, those two areas.... I came here to offer two opinions.... The first one is that the—the apartment intrusion and assault of Ms. Ham was reasonably foreseeable. And the second opinion would be that the crime prevention posture in place at the subject property at the time of the incident was not adequate relative to the risk of victimization.... My job here is to analyze foreseeability and adequacy of crime prevention.

Jacobs concluded,

An apartment intrusion, assault and serious violent crime with a weapon was reasonably foreseeable, should have been reasonably foreseeable to this property.

Ham's summary judgment response continued: "Moreover, Defendants' failure to warn or make the Complex safe caused the tenants to act without full knowledge and proximately caused the injuries to Ms. Ham (Jacobs depo p. 151/17–20)." In the cited reference, Jacobs testified:

Well, she [Ham] wouldn't have gone there in the first place because either or

---

**1.** The fifth *Timberwalk* factor, the publicity surrounding a previous crime to help determine whether a landlord knew or should have known of a foreseeable danger, is not mentioned in Jacobs's report. *See Timberwalk*, 972 S.W.2d at 758–59. Jacobs instead opines that appellees were negligent in failing to solicit and analyze crime statistics on their own initiative. In her brief, Ham relies on

other summary judgment evidence regarding the publicity factor. Specifically, she argues that appellees' manager was aware of incidents of drug dealing, murder, theft, burglary, and the presence of vagrants on the property. She also argues appellees were aware that "criminal activity increases in the summertime," and "dark areas are prime targets for criminal activity."

both of those roommates would not have lived there. So that's very relevant to proximate cause.

Jacobs admitted that he had been unable to speak with either of the roommates.

Ham also relied on Jacobs's testimony to support her claim for negligent hiring.[2] Ham argued in her summary judgment response, "If Gutierrez [the courtesy patrol officer] had completed the daily reports and light checks required of her then the gate, lights, and fencing would have been repaired so the assailant would not have entered the Complex and injured Ms. Ham." In support she cites to an excerpt from Jacobs's deposition. The excerpt is in response to the question whether the assailant who attacked Amanda Ham "is an undeterrable offender." Jacobs answered:

> Well, what I will tell the jury is that based on the evidence from this crime scene and his MO and the—and the nature of the location that he selected, on the situational variables that swirl around this crime, he was sensitive to risk. Risk sensitivity is the most important precondition for deterability. So I will tell the jury that because of that risk sensitivity, although you may not prevent him from doing something somewhere else, you will move him down the street and it wouldn't happen here, if the right posture was in place. So I will make that distinction for the jury, period.

■■ In sum, Jacobs provided expert opinion and analysis on the question of foreseeability. He researched and considered crime statistics in light of the *Timberwalk* factors, as well as evaluating appellees' "responses to ambient crime risk." As noted, he concluded Ham's injury was reasonably foreseeable to appellees, and further concluded the incident would not have occurred in the absence of the failures and omissions he identified. But neither his report nor his testimony provides a factual basis for his conclusion that the incident would not have occurred but for the appellees' failures and omissions. As the court noted in *Urena*:

> Simply stated, Urena presented no evidence that L.U.'s sexual assault could have been prevented if Front Royale had done the three things the plaintiff claimed it should have done. Even assuming Front Royale's acts or omissions constituted a breach of a duty owed to the Urenas, as they allege, the Urenas presented no evidence that such acts or omissions were a substantial factor in causing L.U.'s injury.

*Urena*, 162 S.W.3d at 552. Jacobs did not testify, and the evidence did not show, that the assailant on the night in question entered the complex through the gate, or through a hole in the fence, or as a result of inadequate lighting. If appellees' negligence "merely furnished a condition that made the injuries possible, there can be no cause in fact." *Id.* at 551.

■■ In *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex.2009), the court explained that "conclusory opinions are legally insufficient evidence to support a judgment even if the party did not object to the admission of the testimony." If "no basis for the opinion is offered, or the

---

**2.** As to her claim for negligence per se, a claim that appellees violated statutes regarding fencing, lighting, safety in common areas, and the existence and size of deadbolts on apartment doors, plaintiff did not specifically cite evidence that the statutory violations were the proximate cause of her injuries.

She cited testimony to establish the door lock was broken by the assailant and was smaller than the required size, but not evidence that either of these factors was a substantial factor in her injury and without which the harm would not have occurred. *See Urena*, 162 S.W.3d at 551.

basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence," regardless of whether an objection has been made. *Id.* at 818. A conclusory statement of an expert witness is insufficient to create a question of fact to defeat summary judgment. *McIntyre v. Ramirez*, 109 S.W.3d 741, 749 (Tex.2003). The basis for Jacobs's opinions in his report was his analysis of the risk of crime at the complex and appellees' response to the risk. His report did not contain a basis for his additional opinion that Ham's injury would not have occurred but for appellees' negligence. He concludes the assailant was "risk averse," and therefore could have been deterred from entering the complex by fencing, gates, and better lighting. His conclusion that the assailant was risk averse is based on "the nature of the location" and "the situational variables." Jacobs concludes the assailant chose this property as the location for a crime because he was risk averse. The evidence he cites to show that the assailant was risk averse, however, is the assailant's choice of the property. These conclusory statements are not evidence of cause in fact. We conclude the trial court did not err in granting summary judgment because there was no evidence appellees' negligence was the cause in fact of Ham's injuries. We overrule Ham's second issue.

■ In her third issue, Ham contends the trial court granted appellees more relief than was requested in their no-evidence motion for summary judgment. Ham contends that as to her negligence per se claims, appellees' motion was directed to only one statutory violation alleged in her petition regarding required door locks. After the motion was filed, she amended her petition to allege additional statutory violations. Appellees cite our opinion in *McIntyre v. Wilson*, 50 S.W.3d 674, 684–85 (Tex.App.-Dallas 2001, pet. de-

nied), for the proposition that if the grounds initially asserted in the summary judgment motion conclusively negate an element that is common to the allegations asserted in the amended petition, then summary judgment is proper. We agree that appellees' motion was broad enough to reach the later-pled claims. The new allegations arise out of provisions of the Dallas City Code and the International Property Maintenance Code regarding fencing and lighting. The same deficiencies were pleaded in her negligence claims, and proximate cause is an element of both. *See Missouri Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 103 (Tex.1977) (negligence per se claim requires proof that negligence was proximate cause of damages). We conclude the trial court did not grant more relief than was requested in appellees' motion for summary judgment. *See also Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 437 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (no-evidence summary judgment motion addressed claims in amended petition that asserted new variations of original negligence claim, and motion adequately covered elements of duty, breach, and causation). We overrule Ham's third issue.

■ In her first issue, Ham complains the trial judge erred in denying her motion for a spoliation presumption to be applied regarding 111 missing reports by the "courtesy patrol" officer at the complex, work orders for repairs to be made at the complex, and files of six other tenants who were victims of criminal activity. Ham argues, "[a]ppellees used their swords by spoliating important evidence, then hid behind their shields by bringing a motion wherein they argued Appellant had no evidence to establish her claims." In analyzing this issue, we consider (1) whether there was a duty to preserve evidence; (2) whether the alleged spoliator breached that duty; and (3) whether the spoliation prejudiced the non-spoliator's ability to

present its case. *Adobe Land Corp. v. Griffin, L.L.C.*, 236 S.W.3d 351, 357 (Tex. App.-Fort Worth 2007, pet. denied) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 954–55 (Tex.1998) (Baker, J., concurring)).

Assuming appellees had a duty to preserve the evidence and breached it, we consider whether the spoliation prejudiced Ham's ability to present her case. *See id.* Ham argues the missing evidence "supports key issues in this case," including the *Timberwalk* factors, the inadequacy of the lighting, gates, and fencing, and appellees' notice of other crimes occurring in the complex. Assuming the reports showed "burned-out lights, holes in fencing, and an inoperable gate at the Complex at the time of the shooting," as alleged in Ham's petition, and that appellees had notice of other crimes at the complex, the evidence would be relevant to the foreseeability analysis under *Timberwalk.*

Appellees note there was other similar evidence available, citing *Trevino. See Trevino,* 969 S.W.2d at 958 ("Additionally, courts should consider whether the destroyed evidence was cumulative of other competent evidence that a party can use in place of the destroyed evidence, and whether the destroyed evidence supports key issues in the case."). Appellees cite to police reports, call logs, and incident reports for criminal activity at the complex. Other security reports and logs showed information about the adequacy of the lighting and the gates, and several witnesses testified on these subjects. Appellees also note that two of Ham's experts "gave no indication of an inability to present opinions because of missing evidence," and Jacobs testified "I have enough data and documentation right now to render these opinions."

In our review of the trial court's no-evidence summary judgment, we concluded Ham presented no evidence on the cause-in-fact element of proximate cause.

Because the missing evidence would have been probative of foreseeability rather than cause in fact, a spoliation presumption would not alter our conclusion. The missing evidence would not have provided a factual basis on which a jury could conclude Ham's injury would not have occurred in the absence of appellees' alleged failures and omissions. *See Urena,* 162 S.W.3d at 551. We conclude the trial judge did not abuse his discretion in denying Ham's request for a spoliation presumption, and overrule Ham's first issue.

In her fourth and fifth issues, Ham contends her motion to strike appellees' designation of a responsible third party should have been granted, and her objections to appellees' evidence relating to the designation should have been sustained. Appellees counter that any error in the trial judge's ruling is not reversible error because it did not cause the rendition of an improper judgment, as required by Rule 44.1, Texas Rules of Appellate Procedure. *See* Tex.R.App. P. 44.1 ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes the error complained of ... probably caused the rendition of an improper judgment ..."). Appellees argue the designation of Ledbetter as a responsible third party had no effect on the no-evidence summary judgment granted by the trial court. Ham concedes, "it is true the trial court's ruling in this regard had no effect on the summary judgment," but argues we should address the claim in the interest of judicial economy, as the issue will arise again on remand. As we have affirmed the trial court's summary judgment, we need not address these issues.

We affirm the trial court's judgment.