**AFFIRM; and Opinion Filed May 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00352-CV

### JOSEPH VUKELICH, Appellant
### V.
### RIDGEVIEW RANCH HOMEOWNERS ASSOCIATION, INC., Appellee

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-04599-2012**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

Joseph Vukelich (Vukelich) appeals from a summary judgment in favor of appellee Ridgeview Ranch Homeowners Association, Inc. (the HOA). Vukelich raises two issues on appeal. First, Vukelich argues the HOA's no-evidence motion for summary judgment failed as a matter of law because it did not adequately state the elements for which there was no evidence. Second, Vukelich urges that the trial court erred in rendering judgment because the HOA's motion only identified negligence in its motion. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Vukelich owns a home that is governed by the HOA. Vukelich sued the HOA and its management company, Capital Consultants Management Corp. (CCMC), asserting CCMC was

negligent in enforcing the deed restrictions governing his and other properties within the HOA. In particular, Vukelich alleged that the CCMC erroneously fined him for a small strip of wood that was allegedly painted the wrong color, causing him emotional distress and a stroke that impaired his motor skills and caused other health problems. He also sought an injunction requiring that the HOA enforce restrictive covenants related to other homeowners' pet ownership. Vukelich filed a motion to non-suit his claims against CCMC, in which he maintained that the HOA had negligently failed to supervise CCMC's implementation of the deed restrictions.

The HOA filed a no-evidence motion for summary judgment. Vukelich responded to the HOA's summary judgment motion, arguing that the HOA's summary judgment motion was deficient because it did not accurately state the elements for which there was no evidence. Also, Vukelich argued that because CCMC acted as the HOA's agent in issuing the erroneous fine and causing the alleged damages, Vukelich was not required to prove that the HOA breached a duty or caused any damages. The only exhibits attached to Vukelich's response were his notice of intention to take oral deposition and the HOA's responses and objections to Vukelich's written discovery requests. Before the trial court's hearing on the HOA's summary judgment motion, Vukelich amended his petition to assert in his negligence cause of action that CCMC, instead of the HOA itself, was negligent in assessing fines against homeowners and that the HOA was liable under the doctrine of respondeat superior.

**DISCUSSION**

**1. No-evidence summary judgment motion**

When a no-evidence motion for summary judgment under rule of civil procedure 166a(i) challenges proof on which the non-movant would bear the burden of proof at trial, the non-movant must come forward with evidence that raises a genuine fact issue on the challenged

elements. *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 659 (Tex. App.—Dallas 2005, pet. denied) (citing TEX. R. CIV. P. 166a(i) & cmt.). If the non-movant is unable to provide enough evidence, the trial court must grant the motion. *Id.* .

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Id.* Thus, our task is to determine whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* A no-evidence challenge will be sustained when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

In his first issue, Vukelich argues the HOA's summary judgment motion failed to identify the elements Vukelich was required to prove. The HOA's summary judgment motion alleged that after adequate time for investigation and discovery, Vukelich could point to no admissible evidence of one or more of the following elements of Vukelich's negligence claim.

> (1) that Defendant breached a legal duty owed to Plaintiff to properly and accurately assess fines against homeowners;
> (2) that defendant breached that duty; and
> (3) that Defendant proximately caused damages to Plaintiff because of a breach of any duty owed.

Vukelich asserts that the first and second elements listed are the same: the HOA breached a duty. Vukelich also contends that because the HOA is responsible for CCMC's actions under the

doctrine of respondeat superior, and CCMC issued the erroneous fine, Vukelich was not required to prove the HOA breached a duty or caused Vukelich's damages.

In all of Vukelich's petitions, his allegations regarding negligence against the HOA and CCMC concern the same duty, "to properly and accurately assess fines against homeowners." The HOA's summary judgment motion asserted there was no evidence of either a breach of this duty or proximately caused damages. Thus, the HOA's motion challenged one or more essential elements on Vukelich's negligence claim, shifting the burden to Vukelich to present evidence to raise a genuine fact issue on breach and causation. *See Patino*, 158 S.W.3d at 659.

The only evidence attached to Vukelich's response to the HOA's summary judgment motion was Vukelich's notice of intention to take oral deposition and the HOA's responses and objections to Vukelich's discovery requests, which he included to support his assertion that the HOA had not provided adequate responses, an issue he did not raise on appeal. The responses and objections state that CCMC was authorized to enforce the HOA's restrictions and that the HOA sent warning letters to members about the behavior of their pets. Vukelich did not even offer an affidavit to support his claimed damages or his entitlement to equitable relief related to any duty to properly and accurately assess fines or enforce pet restrictions. Nothing in Vukelich's response or attachments thereto offered more than a mere scintilla of evidence of either element. *See Merriman*, 407 S.W.3d at 248. Accordingly, the trial court properly granted the HOA's summary judgment motion. We overrule Vukelich's first issue.

**2. Trial court's dismissal of all causes of action**

Vukelich's second issue argues the trial court's order erroneously disposed of claims that were not addressed in the HOA's summary judgment motion, specifically his claims related to his request for injunction. Vukelich asserts the HOA's summary judgment motion did not mention the cause of action for violating deed restrictions underlying his request for injunction.

The HOA responds that Vukelich's request for injunctive relief is based on negligence, and in support of its response, the HOA points to the personal nature of the damages alleged by Vukelich and the manner in which Vukelich framed his claims–the HOA "failed to enforce the deed restrictions." It is well-settled that a summary judgment motion disposing of claims not addressed in the motion for summary judgment is improper. *Cooper v. Litton Loan Servicing, LP*, 325 S.W.3d 766, 769 (Tex. App.—Dallas 2010, pet. denied) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)).

We have carefully reviewed the operative pleadings and orders, including Vukelich's motion to non-suit all direct claims against CCMC without prejudice. We conclude that all of Vukelich's remaining claims derive from the HOA's alleged inadequate oversight of its agent CCMC, and thus are properly construed as arising under the rubric of negligence. It is apparent that the HOA and the trial court gave the pleadings the same reading in the summary judgment motion and resulting order. It is therefore clear that the order resolved all claims. Accordingly, we overrule Vukelich's second issue.

## CONCLUSION

Having overruled Vukelich's two issues, we affirm the trial court's judgment

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

140352F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH VUKELICH, Appellant

No. 05-14-00352-CV      V.

RIDGEVIEW RANCH HOMEOWNERS
ASSOCIATION, INC., Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-04599-2012.
Opinion delivered by Justice Schenck.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee RIDGEVIEW RANCH HOMEOWNERS
ASSOCIATION, INC. recover its costs of this appeal from appellant JOSEPH VUKELICH.

Judgment entered this 7th day of May, 2015.